

# Fourth Court of Appeals

## San Antonio, Texas

### DISSENTING OPINION

No. 04-18-00727-CV

**IN THE INTEREST OF K.M.J.**

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02187
Honorable Martha Tanner, Judge Presiding[1]

*consolidated with*

No. 04-18-00728-CV

**IN THE INTEREST OF A.N.J.**

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02188
Honorable Martha Tanner, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice
Dissenting Opinion by: Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 3, 2019

I disagree with the majority's conclusion that the evidence is not factually sufficient to support the trial court's best interest findings.

The majority correctly states the factual sufficiency standard of review for a parental rights termination case, but it does not follow it. It does not state why the trial court "could not have

---

[1] Sitting by assignment.

credited disputed evidence in favor of the finding." *See In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002). Specifically, the majority does not explain why the trial court could not have credited the following testimony from the Department's case worker in favor of its best interest findings.

## A.      Failure to Comply with Court-Ordered Service Plan

The children were removed from the home based on allegations of drug use and drug dealing by A.J. The Department created a service plan, which the court ordered A.J. to complete, but he did not complete it. He failed to complete a drug and alcohol assessment. He was discharged from individual counseling for noncompliance. He failed to submit to seven separate random drug tests, yet he offered no explanation for failing to comply. Although he sometimes blamed car trouble, he missed five visits with his children and was late for several others.

## B.      K.M.J.'s Relationship with A.J.

While K.M.J. was in A.J.'s care, she refused to eat and was hospitalized for depression and failing to eat. After she was released from the hospital, she began living with her aunt and uncle, and her issues with not eating and depression resolved.

About one month before trial, K.M.J. made an outcry of sexual abuse against her father, and she refused to visit him after she made her outcry.

## C.      Children's Placement

K.M.J. is very comfortable in the placement with her aunt and uncle; she is "very, very happy" with them. K.M.J. calls them her mom and dad, and she wants to live with them. The aunt and uncle love the children, and they want to adopt both girls. Both girls are very happy in the placement, and the aunt and uncle are meeting all the children's needs. The Department and ad litem recommended A.J.'s rights be terminated and the children continue in their current placement in preparation for adoption.

**D.        Applying the Appropriate Standard**

As I have recited, there was sufficient evidence to support the trial court's best interest findings under a clear and convincing evidence standard. *See id.* The majority does not explain why the trial court could not have believed this, and other, evidence that supports the trial court's findings. *Contra id.* Thus, the majority has not followed the required standard of review.

**E.        Conclusion**

The evidence was factually sufficient to support the trial court's best interest finding for each child; I would affirm the trial court's judgment. Because the majority does not explain how the trial court could not have credited the evidence supporting its findings, the majority departs from the required standard of review, and I must respectfully dissent.

Patricia O. Alvarez, Justice